Toomey, J.
This negligence action is before the court on defendants’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). Pro se plaintiff Michael Sadlowski (“Sadlowski”) alleges that defendants Mary Albertson and Ned Murray, Planning Directors (“Planning Directors”) of the City of Leominster (“Leominster”) were negligent in permitting Sadlowski’s neighbor James Rheault (“Rheault”) to cut down trees on Rheault’s property. Additionally, Sadlowski alleges that Rheault’s home is in violation of city zoning ordinances and that defendants have been negligent in failing to act on the violations. Defendants argue that they are entitled to dismissal as a matter of law because Sadlowski has failed to state a legal claim on which relief can be granted.
For the following reasons, defendants’ motion is ALLOWED.
BACKGROUND
In 1997, Rheault cut down some trees on his property in Leominster. Sadlowski, whose property abuts Rheault’s, alleges that removal of the trees deprived Sadlowski of privacy and decreased the market value of his home. Sadlowski argues that Rheault’s action violated subdivision and special permit conditions in Leominster and that defendants are therefore liable for his damages because of their negligence in enforcing applicable conditions and regulations. In addition, Sadlowski argues that defendants have failed to act on the fact that the height of Rheault’s home violates Leominster zoning ordinances.
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(b)(6), a complaint must be dismissed if it fails to state a legal claim on which relief may be granted against the defendant. The court must accept all the facts asserted in the plaintiffs complaint as true and determine whether those facts constitute a viable cause of action against the defendant. In this case, even if eveiy fact alleged by Sadlowski is true, he is barred from bringing this action against the plaintiffs by reason of G.L.c. 258, §2 and G.L.c. 258, §10(b) and (f).
1. G.L.c. 258, §2
The Massachusetts Torts Claims Act provides that a public employee shall not be “liable for any injury or loss of property . . . caused by his negligent act or omission while acting within the scope of his office or employment.” G.L.c. 258, §2; see also McNamara v. Honeyman, 406 Mass. 43, 46 (1989). Sadlowski seeks relief against the Planning Directors for their alleged negligence in performing their duties. Because Sadlowski concedes in his complaint that defendants were, at all material times, public officials of Leominster, G.L.c. 258, §2 will bar any claims against them for negligent performance within the scope of their employment.
Sadlowski has argued, however, thatc. 258, §2 does not apply because defendants acted intentionally in failing to investigate and enforce subdivision, special permit and zoning regulations against Rheault. Assuming, arguendo, that Sadlowski’s claim alleges intentional torts and that G.L.c. 258, §2 is thus inapplicable, Sadlowski has still failed to assert any legal theory -under which defendants would be liable for the damages Sadlowski suffered when Rheault cut down his own trees.
*437 At bottom Sadlowski contends that defendants have a special relationship with him that abrogates the so-called public duty rule that generally cloaks public employees. The public duty rule provides that the employment responsibilities of public employees “are owed to the public as a whole, and not to private individuals,” unless there is a special relationship between a public employee and a particular member of the public. Onofrio v. Department of Mental Health, 408 Mass. 605, 609 (1990). Thus, Sadlowski must aver and prove a “special relationship” between defendants and himself to avoid the lethality of the public duty rule. He has not done so.
In this case, where Sadlowski’s alleged harm was caused by the conduct of a third person (Rheault), and only indirectly by defendants’ alleged dereliction of duty, Sadlowski has failed to assert the type of special relationship that would overcome the general rule that defendants owed him no actionable duty to inspect or enforce regulations regarding Rheault’s property.
2. G.L.c. 258, § 10(b)
The “discretionary function" exception to the Massachusetts Torts Claims Act provides that public employees are immune from liability where their actions, within the scope of their employment, are discretionary, whether or not that discretion is abused. G.L.c. 258, § 10(b). At bar, any decision by defendants with respect to inspection of alleged zoning or regulatory violations would have necessarily involved discretionary decisions as to enforcement action, as to incurring the costs of investigation and litigation, and as to the allocation of public resources to those activities. Such decisions are indisputably discretionary. Pina v. Commonwealth, 400 Mass. 408 (1987). Defendants’ actions or failures to act concerning Rheault’s property involved discretionary functions, and Sadlowski’s claims are, therefore, barred by to G.L.c. 258, § 10(b).
3. G.L.c. 258, §10(f)
G.L.c. 258, § 10(f) excludes liability for claims against public employees “based on the failure to inspect or an inadequate or negligent inspection of any property ... to determine whether the property complies with or violates any law, regulation, ordinance or code . . .” In the instant case, where Sadlowski’s allegations focus upon the defendants’ alleged activities or omissions in failing adequately to inspect Rheault’s property and enforce land use regulations applicable to Rheault’s property, Sadlowski’s claim is barred by G.L.c. 258, §10(f).
CONCLUSION
Even if all of Sadlowski’s factual allegations are true, his complaint has failed to assert a legal theory under which defendants would be liable for his damages, if any. Consequently, defendants are entitled to have the complaint dismissed pursuant to Mass.R.Civ.P. 12(b)(6).
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion for dismissal pursuant to Mass.R.Civ.P. 12(b)(6) is ALLOWED.